# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0854V
**Filed: October 19, 2018**
UNPUBLISHED

| | |
|---|---|
| LESLIE DOBBINS,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Paul R. Brazil, Muller Brazil, LLP, Dresher, PA, for petitioner.*
*Robert Paul Coleman, III, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On July 20, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered from a right shoulder injury as a result of receiving a tetanus-diphtheria-acellular pertussis ("Tdap") vaccination on September 21, 2015. Petition at 1. On August 15, 2018, the undersigned issued a decision awarding compensation to petitioner in the amount of $128,143.80. (ECF No. 54).

On September 26, 2018, petitioner filed a motion for attorneys' fees and costs. (ECF No. 58). Petitioner requests attorneys' fees in the amount of $27,170.40 and

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

attorneys' costs in the amount of $3,292.15.  *Id.* at 2.  In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.  *Id.* at 2.  Thus, the total amount requested is $30,462.55.

On October 5, 2018, respondent filed a response to petitioner's motion.  (ECF No. 59.)   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

**I.     Legal Standard**

The Federal Circuit endorses the lodestar approach to determine reasonable attorneys' fees and costs.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Under the lodestar approach, a court makes "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  After this initial calculation, the court "may then make an upward or downward departure to the fee award based on other specific findings."  *Id.* at 1348.

The reasonableness standard applies both to attorneys' fees and costs.  *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 315 (2008).  The application must provide sufficient detail and explanation of the time billed so that a special master may adjudge the reasonableness of the amount requested.  *Bell v. Sec'y of Health & Human Servs.*, 18 Cl. Ct. 751, 760 (1989); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *8 (Fed. Cl. Spec. Mstr. July 27, 2009).  It is the petitioner who bears the burden of adequately documenting the fees and costs.  *Rodriguez*, 2009 WL 2568468, at *8.

Special masters need not conduct a line-by-line evaluation of a petitioner's fee application to determine a reasonable number of hours expended.  *Wasson v. Sec'y of Health & Human Sevs.*, 24 Cl.Ct. 482, 484, *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993); *Nelson v. Sec'y of Health & Human Servs.*, No. 14-70V, 2015 WL 9302973 at *2 (Fed. Cl. Spec. Mstr. Nov. 30, 2015) ("It is within the special master's discretion to reduce the number of hours by a percentage of the amount charged, rather than making

a line-by-line determination regarding the reasonableness of the charges"). Special masters have discretion to discern whether any of the requested hours are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (internal quotations and citations omitted). In contemplating reductions, special masters have the latitude to "consider their prior experience in reviewing fee applications and even dealings with the specific attorney involved." *Savin*, 85 Fed. Cl. at 315. It is further within the purview of special masters to reduce a fee request *sua sponte*, apart from or in the absence of respondent's objections, and without providing petitioner notice or opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009); *Estate of Bondi by Shoemaker v. Sec'y of Health & Human Servs.*, No. 12-476V, 2017 WL 1046526 at *2 (Fed. Cl. Spec. Mstr. Feb. 23, 2017).

## II. Discussion

### A. Travel Time

In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.* Attorney Shealene Wasserman billed 4.5 hours of travel time at the rate of $233 per hour and 0.90 hours at the rate of $225 per hour for a total of 5.4 hours. ECF No. 58 at 7. At a 50% reduction, the rate for travel would be $116.50 and $112.50 consecutively. Therefore, the request for attorney fees is **reduced by $625.50**.[3]

### B. Administrative Time

It is firmly established that billing for clerical and other secretarial work is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl.Ct. 379, 387 (1989) (denied an award of fees for time billed by a secretary and found that "[these] services … should be considered as normal overhead office costs included within the attorneys' fees rates"); *Mostovoy v. Sec'y of Health & Human Servs.*, 2016 WL 720969,

---

[3] This amount consists of ($116.5 x 4.5 = $524.50) + ($112.5 x 0.90 = $101.25) = $625.50.

3

*5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016).  A total of 3.4 hours of time[4] was billed on tasks that are considered administrative, including opening new files, reviewing filing receipts and processing invoices.  The undersigned reduces **the request for attorney's fees by, $465.00**[5], the total amount of the administrative entries.

### C. Excessive and Duplicative Billing

The undersigned has previously reduced the fees paid to petitioners due to excessive and duplicative billing.  *See Ericzon v. Sec'y of Health & Human Servs.*, No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by 10 percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.*, No. 11-654V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).  The undersigned and other special masters have previously noted the inefficiency that results when cases are staffed by multiple individuals and have reduced fees accordingly.  *See Sabella*, 86 Fed. Cl. at 209.

Billing records show that 3 attorneys and 3 paralegals worked on this case. This resulted in multiple reviews and file updates for the same documents filed in the case. For example, Mr. Brazil and paralegals list 14 separate entries to review the same court notifications of filings.[6]  The undersigned **reduces the request for attorney fees in the amount of $192.50**, the total amount of the duplicated entries.

### III. Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

---

[4] Examples of entries that are considered administrative include: November 17, 2015 (0.80 hrs) "Open new client file", March 15, 2017 (0.10 hrs) "Review confirmation of filing status report", March 19, 2018 (0.30 hrs) "Review and process invoice – ACAOM, and June 21, 2018 (0.30 hrs) "Review and process – invoice – For the Record." ECF No. 58 at 6-8.

[5] This amount consists of 0.10 hours at the rate of $300 per hour, 3 hours at $125 per hour and 0.40 hours at $150 per hour.

[6] Examples of these entries include:  March 16, 2017, Attorney Paul Brazil billed 0.2 and paralegal Maria Loecker billed 0.1 to review the scheduling order at ECF No. 17, June 23, 2017, Attorney Paul Brazil billed 0.1 (and 0.1 on June 22, 2017) and paralegal Maria Loecker billed 0.1 billed to review the scheduling order at ECF No. 24, and September 20, 2018 Attorney Paul Brazil billed 0.2 and paralegal Michelle Coles billed 0.1 to review the judgment at ECF No. 55.  These entries are merely examples and are not exhaustive.

**Accordingly, the undersigned awards the total of $29,179.55[7] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Paul R. Brazil.**

The clerk of the court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[7] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.